Section 56 of the Criminal Code of 1902 provides:

"Every indictment shall be deemed and judged sufficient and good in law which, in addition to allegations as to time and place, as now required by law, charges the crime substantially in the language of the common law or of the statute prohibiting the same, or so plainly that the nature of the offense charged may be easily understood. * * * "

As the indictment charged that the stolen goods belonged to R. W. McCreary Company, a partnership doing business in the city of Aiken, and as the proof corresponded with the charge in the indictment, it cannot be successfully contended that the offense was not so plainly alleged that its nature might be easily understood.

Appeal dismissed.

MR. JUSTICE GAGE did not participate.

---

## 10557

### MANNING v. SHORE.
#### (105 S. E. 742.)

BOUNDARIES—FORECLOSURE SALE HELD TO PASS TITLE TO LAND WITHIN GENERAL DESCRIPTION, THOUGH NOT WITHIN DESIGNATED BOUNDARY. —Where mortgage and master's deed to foreclosure sale purchaser described land not only by described boundaries, but also as that owned, used, and occupied by mortgagor's cotton mill, purchaser had good title to all the land so used, though a part thereof was on other side of a road described as one of the boundaries.

Before BOWMAN, J., Sumter, October, 1920. Affirmed.

Action by Richard I. Manning against George D. Shore for specific performance of contract to purchase real estate. From decree for plaintiff, the defendant appeals.

The decree of the Circuit Judge was as follows:

A case agreed between the parties above named without action, dated the 29th day of April, 1920, and duly verified, has been submitted to this Court and the arguments of counsel thereon have been duly heard.

The first and second questions submitted to the Court are as to the vesting of a marketable title in Richard I. Manning to "all that piece, parcel, or tract of land situate, lying and being in the city of Sumter, in the county and State aforesaid, containing one acre, more or less, and bounded on the north by land of Smith, on the east by Council street, on the south by land now or formerly of Alex. Davis, and on the west by land now or formerly of Thomas James," under and by virtue of a certain deed from H. C. Haynsworth, master, to Richard I. Manning, dated June 29, 1911, and recorded in the office of the clerk of Court for said county in Deed Book H-4, page 459, with this description, to wit:

"All that lot of land lying and being in and near the corporate limits of the city of Sumter, in the county and State aforesaid, containing fifteen acres, more or less, and which is bounded, to wit: On the northwest by railroad track and right of way of the Wilmington, Columbia & Augusta Railroad; on the northeast by a street of the said city sometimes called Dargan street; on the southeast by a railroad track and right of way of the Manchester & Augusta Railroad Company; and on the southwest by the public road leading from the city of Sumter towards Cain's Savannah—the same being the tract of land whereon is built and located the cotton factory building and other structures thereto appertaining and including all the land and messuages owned, used, or occupied by the said Sumter Cotton Mills at the time of the commencement of this action, and near the corporate limits of the city of Sumter, in said county and State,

whether particularly or accurately above described or not."

"And also all and singular every manner of the property, real, personal, and mixed, constituting the entire plant of the said defendant, Sumter Cotton Mills, owned, operated, or possessed by the said defendant at the time of the commencement of this action, excluding, however, from such sale of the mortgaged premises so much of the same as now belongs to the Southern Railway Company extending through said mortgaged premises as were taken under proper condemnation proceedings for such right of way for said railway company, of record in said Court said condemnation proceedings having been duly taken under the statutes of said State since the executing and recording of the mortgage described in the proceedings in this action."

Which deed was executed by the said master pursuant to a foreclosure of the mortgage referred to in the description of the above deed by the Sumter Cotton Mills to R. M. Wallace, Marcus G. Ryttenberg, and Richard D. Lee, as trustees, dated June 29, 1897, and recorded in the office of the clerk for said county in Mortgage Book 28, at page 426, with the following tract of land described therein:

"All and singular the plant and property, real and personal, rights and franchises of the said Sumter Cotton Mills of every kind and description whatsoever, and wheresoever situate, that is to say:

"All that lot of land situate, lying and being in and near the corporate limits of the city of Sumter, in the county and State aforesaid, containing fifteen acres, more or less, and which is described as follows, to wit: On the northwest by the railroad track and right of way of the Manchester & Augusta Railroad Company; on the southwest by a public road leading from the city of Sumter towards Cain's Savan-

nah—the same being the tract of land whereon is built and located the cotton factory building and other structures whereunto appertaining, the intention being to include herein all the lands and messuages now owned, used, and occupied by the said Sumter Cotton Mills in and near the corporate limits of said city of Sumter, in said county and State."

As the one-acre tract of land first above described by the Sumter Cotton Mills at the time said mortgage was executed and as all property covered by the said mortgage was duly sold by foreclosure proceedings of the same, the said one-acre tract was conveyed by the said master to the plaintiff herein regardless of the fact that it was on the opposite side of the public road leading from the city of Sumter towards Cain's Savannah, which was a boundary of the lot of land particularly described in the said mortgage as being 15 acres, more or less. The same lot of land was bounded on the same side (southwest) in the master's deed to the plaintiff. In addition to the above particular description in the mortgage of the Sumter Cotton Mills to R. M. Wallace, and others, trustees, above referred to, we find a general description following the particular description limiting the 15-acre lot to a public road leading from the city of Sumter to Cain's Savannah, in which the intention of the mortgagor is expressed as conveying all lands then owned by the said cotton mill for purposes of the mortgage in these words: " * * * The intention being to include herein all the land and messuages now owned, used, and occupied by the said Sumter Cotton Mills in and near the corporate limits of the said city of Sumter in said county and State."

The master's deed to the plaintiff, Richard I. Manning, also contains a general description, showing that all property (in addition to the 15-acre tract, particularly described herein) owned by the cotton mill when the foreclosure of

the above mortgage was commenced, in the following terms, to wit:

" * * * The same being the tract of land whereon is built and located the cotton factory building and other structures thereto appertaining and including all the land and messuages owned or occupied by the said Sumter Cotton Mills at the time of the commencement of this action in and near the corporate limits of the city of Sumter, in the said county and State, whether particularly or accurately above described or not."

"And also all and singular every manner of the property, real, personal, and mixed, constituting the entire plant of the said defendant, Sumter Cotton Mills, owned, operated, or possessed by the said defendant, at the time of the commencement of this action * * * " (the action referred to being the foreclosure of the above mortgage).

In 13 Cyc. 630, it is said: "Where property is described as the whole of a certain tract, the fact that the courses and distances by which the property is described do not include the whole tract will not prevent it from passing." *Keith v. Reynolds,* 3 Me. (3 Greenl.) 393. The cotton mill expressly stated its intention to mortgage all of its property, real and personal, in the said mortgage by the general description which in substance and effect was incorporated in the general description of the master's deed to the plaintiff, Richard I. Manning. In 13 Cyc. 637: "The question as to what property passes by a deed may be controlled by a general clause conveying all of the grantor's property. The construction of a description with such a clause therein is dependent upon the intention of the parties, and where it appears from the entire deed that it was the manifest intention to convey all of the property of the grantor, a construction consistent therewith will be given. In construing a

clause of this character the rule applies that the language is to be construed against the grantor."

Since the one-acre tract of land in question is separated by the said public road from the city of Sumter to Cain's Savannah, (the same as Council street) from the 15-acre tract, and was owned by the said Sumter Cotton Mills at the time of executing the above mortgage, I am, therefore, bound to hold that it was included in the description contained in the above mortgage of the Sumter Cotton Mills to R. M. Wallace and others, trustees, and that when the deed of E. C. Haynsworth, master, was executed to Richard I. Manning pursuant to the foreclosure of the said mortgage, the description of the property conveyed thereby was adequate to vest a marketable title to the one-acre tract of land, in question, and first above described, in the plaintiff, Richard I. Manning.

For the reasons above stated in determining the first and second questions, the third question must necessarily be determined in the negative.

It is, therefore, ordered, adjudged, and decreed that upon tender by the plaintiff to the defendant of his deed, with covenant of general warranty, conveying said premises to the defendant in fee simple absolute, that the defendant do specifically perform his contract of purchase according to its terms and provisions as set forth therein.

*Mr. George D. Shore, Jr.,* for appellant, cites: *Mortgage and deed giving road as a boundary covers and conveys to the middle of such road:* McMull. Eq. 289; 1 McC. 584.

*Mr. R. Dozier Lee,* for respondent.

January 31, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

For the reasons therein stated, the judgment of the Circuit Court is affirmed.

MR. JUSTICE GAGE did not participate.

---

## 10558

### POLIAKOFF v. AMERICAN RAILWAY EXPRESS CO.

#### (105 S. E. 745.)

CARRIERS — WHETHER PLAINTIFF SHIPPER ENTERED INTO CONTRACT EMBODIED IN RECEIPT A JURY QUESTION.—In an action against an express company for failure to deliver a shipment from plaintiff to consignee, whether plaintiff entered into the contract embodied in the receipt limiting recovery issued by defendant *held* for the jury.

Before BOWMAN, J., Barnwell, April term, 1920. Affirmed.

Action by S. Poliakoff against American Railway Express Company. From judgment for plaintiff, the defendant appeals.

The exceptions herein are as follows:

(1) That his Honor erred, it is respectfully submitted, in refusing defendant's motion for a directed verdict for any amount in excess of $50, on the ground that under the express receipt the liability of the defendant company, in case of loss, was limited to $50, and no more; the amount being based upon the rate charged and weight.

(2) That his Honor erred, it is respectfully submitted, in failing to charge the jury at the request of the defendant as follows: "I charge you, gentlemen of the jury, that if the